IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WENDELL MATTHEWS,<br><br>Plaintiff,<br><br>vs.<br><br>INV. MONTE MCNEIL, in his official and individual capacities; CITY OF NORTH PLATTE, and JOHN DOE, in his official and individual capacities;<br><br>Defendants. | 7:16CV5005<br><br>ORDER |

This matter is before the Court on Plaintiff's Motion to Compel Discovery. ([Filing No. 54](#).) The Court has reviewed Plaintiff's motion, as well as the accompanying affidavit. ([Filing No. 55](#).) Upon consideration, the motion will be granted.

This is a civil rights action arising from the arrest of Plaintiff on accusations that he had sexually molested his former girlfriend's daughter. The young woman, S.S., reported these accusations in a forensic interview conducted by Amber McNutt, a forensic interviewer employed by Bridge of Hope Child Advocacy Center. Defendant Monte McNeil ("Defendant") observed the interview and communicated with Ms. McNutt during the interview. Defendant and Ms. McNutt are professional colleagues. Defendant is also an approved forensic interviewer at Bridge of Hope Child Advocacy Center.

Plaintiff seeks an order compelling Ms. McNutt to appear for a deposition. Ms. McNutt's counsel has advised that Ms. McNutt will not appear for a deposition until the Court issues an Order pursuant to [Neb. Rev. Stat. § 29-4303](#). Section 29-4303 provides that in a civil case, an advocate[1] may not be compelled to give testimony or produce records concerning a confidential

---

[1] "Advocate means any employee or supervised volunteer of a domestic violence and sexual assault victim assistance program or of any other agency, business, or organization that is not affiliated with a law enforcement or prosecutor's office, whose primary purpose is assisting domestic violence and sexual assault victims." [Neb. Rev. Stat. § 29-4302](#).

communication[2] unless the party seeking disclosure of the communication files a motion setting forth the issues on which the disclosure is sought and enumerates the reasons why the party is seeking disclosure and why disclosure is necessary. Neb. Rev. Stat. § 29-4303. The motion must be accompanied by an affidavit containing specific information which establishes that the communication constitutes relevant and material evidence. Once the motion and affidavit are filed, the court must review the confidential communication in camera and "determine whether a failure to disclose the confidential communication would violate the constitutional rights of the party seeking disclosure." Neb. Rev. Stat. § 29-4303.

Plaintiff maintains that Ms. McNutt's testimony would include non-confidential communications relating to her relationship with Bridge of Hope, Defendant, and the North Platte Police Department, as well as the role of Bridge of Hope and forensic interviewers. (Filing No. 55-1.) Plaintiff notes that Bridge of Hope has already produced records and video footage of Ms. McNutt's interview. Plaintiff claims that Ms. McNutt's preparation for her interview of S.S., responses to statements and claims made by S.S. during the interview, communications with Defendant during the interview, and communications with S.S. and her mother before, during and after the interview, as well as the *res gestae* of the interview, are material and relevant to the claims and defenses in this case. (Filing No. 55-1.)

Upon review, the Court concludes that Ms. McNutt possesses relevant and material evidence which would bear on the claims and defenses asserted in this case. Moreover, it appears that some of the testimony sought by Plaintiff does not encompass confidential information within the meaning of Neb. Rev. Stat. § 29-4303.

Accordingly,

---

[2] "Confidential communication means any written or spoken information exchanged between a victim and an advocate in private or in the presence of a third party who is necessary to facilitate communication or further the advocacy process and which is disclosed to the advocate for the purposes of overcoming the adverse effects of domestic violence or sexual assault." Neb. Rev. Stat. § 29-4302.

**IT IS ORDERED** that Plaintiff's Motion to Compel ([Filing No. 54](#)) is granted. Amber McNutt shall appear for and testify at a properly noticed deposition at a time convenient for both the parties and Ms. McNutt.

Dated this 17th day of April, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge